UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| RICHARD BORDIN,<br><br>                            Plaintiffs,<br><br>    v.<br><br>JON RAU, *et. al.*,<br><br>                            Defendants. | Case No. 3:23-CV-00449-CLB[1]<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[ECF No. 22] |

Pending before the Court is Defendant Jon Rau and Josh Rau's (collectively referred to as "Defendants") motion to dismiss Plaintiff Richard Bordin's ("Bordin") third amended complaint. (ECF No. 22.) Bordin responded, (ECF No. 28), and Defendants replied, (ECF No. 30). For the reasons discussed below, the motion to dismiss is granted.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On September 8, 2023, Bordin, proceeding *in forma pauperis* and *pro se*, initiated this action by filing his initial complaint. (ECF No. 1.) The Court screened Bordin's complaint pursuant to 28 U.S.C. § 1915. (ECF No. 8.) Ultimately, the Court dismissed Bordin's complaint, and two subsequent amended complaints on screening. (*See* ECF Nos. 8, 12, 14.) Bordin's third amended complaint (ECF No. 17), which is the operative complaint in this action, was screened by the Court on January 4, 2024. (ECF No. 18.) The third amended complaint was allowed to proceed on a single claim for alleged breach of an oral contract between Bordin and Defendants. (ECF Nos. 17, 18.) Based on Bordin's allegations he hired Defendants to complete a job—extracting honey from beehives—utilizing Bordin's equipment, but Defendants failed to complete the job and

---

[1]    This case was randomly assigned to the undersigned as the presiding judge, pursuant to General Order 2021-03 and 28 U.S.C. § 636(c). (ECF No. 2.)

did not return the equipment, which resulted in a large monetary loss and bankruptcy for Bordin. (ECF No. 17 at 5.)

On February 27, 2024, Defendants filed the instant motion to dismiss or alternatively for more definite statement. (ECF No. 22.) On March 15, 2024, this Court granted Defendants' motion to dismiss and entered judgment in favor of Defendants after Bordin failed to oppose the motion. (ECF Nos. 26, 27.) After judgment had been entered, Bordin filed a motion to extend time, which the Court construed as a response to the motion to dismiss. (ECF No. 28). In light of Bordin's filing and *pro se* status, the Court set aside the dismissal order and ordered Defendants to respond to Bordin's opposition. (ECF No. 29.) Defendants filed their reply on April 9, 2024. (ECF No. 30.)

## II.     LEGAL STANDARD

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6). The ruling is a question of law. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 580 (9th Cir. 1983). The Court is to grant dismissal when the complaint fails to "state a claim for relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or fails to articulate a cognizable legal theory, *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015). When analyzing a motion under Rule 12(b)(6), courts accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the complaint states a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). While detailed factual allegations are not necessary, the complaint must offer more than "a formulaic recitation of the elements of a cause of action," *Twombly*, 550 U.S. at 555, and include sufficient facts "to give fair notice and to enable the opposing party to defend itself effectively," *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In conducting the dismissal analysis, the complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Moreover, the Court takes particular care when reviewing the pleadings of a *pro se* party, for a more forgiving

standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

### III.   DISCUSSION AND ANALYSIS

Defendants move for dismissal of the third amended complaint on the basis that Bordin's oral breach of contract claim is barred by the four-year statute of limitations applicable to his claim under Nevada law. (ECF No. 22.)

Under Nevada law, there is a four-year statute of limitations for actions "upon a contract, obligation or liability not founded upon an instrument in writing." NRS 11.190(2)(c); *see also DeLee v. Roggen*, 111 Nev. 1453, 1458, 907 P.2d 168, 170 (1995). The Nevada Supreme Court has noted that "an action for breach of contract accrues as soon as the plaintiff knows or should know of facts constituting a breach." *Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025, 967 P.2d 437, 440 (1998). A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006). "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995).

Bordin's third amended complaint states that during the summers of 1985 through 2017, Bordin had the Defendants "over to help make honey" but Defendants told Bordin "they were not going to extract the honey." (*See* ECF No. 17 at 7.) Bordin's opposition to the motion to dismiss affirms that the alleged breach of contract occurred in 2017 when Defendants told Bordin they were not going to extract honey ultimately leading to the filing for bankruptcy in 2018. (ECF No. 28.) Bordin provides a "Timeline of events" with his opposition. (*Id.* at 13.) This timeline provides dates relevant to the allegations. Specifically, in 2015 Bordin states he "[s]tarted to buy machinery to extract honey." (*Id.*) Bordin alleges in 2016 "Jon Rau came over and hauled the machinery to 300 Doral, Fallon, NV." (*Id.*) Bordin further alleges in 2017 that he "[m]et Jon Rau, Josh Rau at

Jerrys [sic] in Fallon, NV. They said they were not going to do the honey. The next day I went to my loan officer and told him what happened. He foreclosed. I went bankrupt." (*Id.*) Bordin's timeline of events does not list any dates after 2017.

Accordingly, it is clear from the face of Bordin's complaint that the alleged breach of contract occurred in 2017, and therefore Bordin was required to commence this action within four years, or by 2021, which he did not do. Therefore, based on the applicable four-year statute of limitations, Bordin's alleged injuries are time-barred. Accordingly, Defendants' motion to dismiss is granted and Bordin's third amended complaint is dismissed with prejudice for failure to state a claim.

## IV.  CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' motion to dismiss, (ECF No. 22), is **GRANTED**, and the third amended complaint, (ECF No. 17), is **DISMISSED WITH PREJUDICE** as amendment would be futile.

**IT IS FURTHER ORDERED** that the Clerk of Court **ENTER JUDGMENT** and **CLOSE THIS CASE**.

DATE: April 10, 2024.

_____
**UNITED STATES MAGISTRATE JUDGE**